United States District Court
for the
Southern District of Florida

| Herve Wilmore, | ) | |
|---|---|---|
| Movant | ) | |
| v. | ) | Civil Action No. 17-60278-Civ-Scola |
| United States of America, | ) | |
| Respondent. | ) | |

### Order on Defendant's Appeal of Magistrate Judge's Order

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On August 3, 2017, Judge White issued an order denying the Movant Herve Wilmore's motion for bond (ECF No. 21). (Order, ECF No. 23.) Wilmore has appealed that order. (ECF No. 23.)

Wilmore is currently serving a sentence for conspiracy to defraud the United States, conspiracy to commit wire fraud, conspiracy to commit aggravated identity theft, wire fraud, and aggravated identity theft. (Mot. at 1, ECF No. 1.) Wilmore filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (*Id.*) In his motion for bond, Wilmore claims that he should be entitled to release on bond during these habeas proceedings because he is not a flight risk, has not committed a violent crime, and his motion to vacate will result in a reduced sentence. (Mot. for Bond at 1, 4, ECF No. 21.)

A district court may reconsider a magistrate judge's ruling on a non-dispositive matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (2006); *see also* Rule 4 of the Local Magistrate Judge Rules. Wilmore's appeal states, without more, that he is appealing Judge White's order. (ECF No. 23.) Nonetheless, the Court has considered the record, the Motion for Bond, and the relevant legal authorities, and Judge White's rulings are not clearly erroneous or contrary to law.

"A prisoner seeking release pending habeas corpus can be granted bail under two sets of circumstances: *first,* he must demonstrate a likelihood of success on the merits of a substantial constitutional claim; *second,* extraordinary and exceptional circumstances must exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought." *Gomez v. United States,* 899 F.2d 1124, 1125 (11th Cir. 1990) (citing *Calley v. Callaway,* 496 F.2d 701, 702 (5th Cir. 1974)). "Habeas petitioners are rarely granted release on bail pending disposition or pending appeal." *Nettles v. Jones*,

No. 3:17CV337/LAC/EMT, 2017 WL 2821945, at *1 (N.D. Fla. May 31, 2017), *report and recommendation adopted,* No. 3:17CV337/LAC/EMT, 2017 WL 2801028 (N.D. Fla. June 28, 2017). Wilmore has provided this Court with no argument or evidence to meet either set of circumstances. Thus, Judge White's ruling clearly is not erroneous or contrary to law.

Accordingly, it is hereby **ordered and adjudged** that the Magistrate Judge's Order on Wilmore's motion for bond (**ECF No. 21**) is **affirmed**.

**Done and Ordered** in Miami-Dade County, on August 21, 2017.

Robert N. Scola, Jr.
United States District Judge