United States District Court
for the
Southern District of Florida

| Hervé Wilmore, Movant, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-60278-Civ-Scola |
| | ) |
| United States of America, | ) |
| Respondent. | ) |

### Order Denying Motion to Appeal *in forma pauperis*

Hervé Wilmore asks this Court to allow him to proceed on appeal *in forma pauperis*. (Motion for Leave to Appeal *in forma pauperis*, **ECF No. 53**.) The Court **denies** this request because (1) the motion does not satisfy the requirements of 28 U.S.C. § 1915, and (2) Wilmore's appeal is not taken in good faith.

First, 28 U.S.C. § 1915 provides that a prisoner seeking to appeal *in forma pauperis* (IFP), in addition to filing an affidavit, must attach "a *certified* copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the . . . notice of appeal . . . ." 28 U.S.C. § 1915(a)(2) (emphasis added). Although Wilmore has attached a printout of his prison account statement, it does not appear to be a certified copy.

Second, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008). An appeal filed IFP is frivolous "when it appears the plaintiff has little or no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotation marks omitted). As the Magistrate Judge's Report (ECF No. 42) makes clear, Wilmore's contention that his trial and appellate counsel were ineffective for failing to raise a constructive amendment argument is without merit, and his attempt to amend his motion to assert an additional constructive amendment claim is procedurally barred. In addition, Wilmore also attempts to improperly assert a new issue on appeal—that the underlying judgment is void. (*See* Mot., ECF No. 53); *see also Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in

an appeal will not be considered by this court.") (internal quotations and citations omitted).

Moreover, the Court already decided not to issue a certificate of appealability (*see* ECF No. 45), which means that Wilmore was not able to show that reasonable jurists would find the Court's substantive or procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Since Wilmore's claims lack merit or are procedurally barred, and since a reasonable jurist would not disagree with these conclusions, it is clear that Wilmore's appeal has little or no chance of success. The Court must therefore certify that this appeal is not taken in good faith.

**Done and ordered** at Miami, Florida, on May 17, 2018.

Robert N. Scola, Jr.
United States District Judge